IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01419-CMA-SKC

GIULIANA DAY,

    Plaintiff,

v.

JARED POLIS, Colorado Governor, in his official capacity, and
JENA GRISWOLD, Colorado Secretary of State, in her official capacity,

    Defendants.

---

**ORDER TO SHOW CAUSE RETURNABLE BY PLAINTIFF**

---

This matter is before the Court *sua sponte*. Due Date Too Late, an organization with whom Plaintiff is affiliated, reported to a local news outlet that it has collected 30,000 signatures during the 15-day cure period and now has 20,000 more signatures than it needs to get its measure on the ballot. Jennifer Brown, *Campaign to ask Coloradans whether to ban abortions after 22 weeks claims it has enough signatures*, Colorado Sun (May 28, 2020), https://coloradosun.com/2020/05/28/colorado-abortion-ban-campaign. Plaintiff's failure to inform the Court of this development, which is material to the instant action, serves only to waste the Court's resources because this development not only casts doubt upon the need for a Preliminary Injunction, but also, Plaintiff's standing to continue with the instant lawsuit.

To establish Article III standing, a plaintiff must show that: (1) she has suffered an "injury in fact," which is an invasion of a legally protected interest that is (a) concrete

and particularized, and (b) actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000); *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 774 (10th Cir. 2010).

A movant seeking a preliminary injunction must establish: (1) irreparable injury to the movant if the injunction is denied; (2) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; (3) the injunction would not be adverse to the public interest; and (4) a substantial likelihood of success on the merits. *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff must show cause in writing **by June 2, 2020**, why this Court should not (1) deny Plaintiff's Motion for Preliminary Injunction as moot and/or for Plaintiff's inability to establish irreparable injury if the injunction is denied, and (2) dismiss the instant action *sua sponte* for lack of standing. **Should Plaintiff fail to respond to the instant Order to Show Cause, the Court will consider these issues conceded and the Court will dismiss this action and deny the Motion for Preliminary Injunction.**

DATED: May 29, 2020

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge